■ JOHN B. LUCCI, Individually and as a Stockholder on Behalf of Himself and All Those Similarly Situated in TRIANGLE INN CORP., Respondent-Appellant, v JORDAN SCHWARTZ et al., Respondents, and FRANK LUCINSKI, Appellant-Respondent. (Action No. 1.) FRANK LUCINSKI, Appellant, v JORDAN SCHWARTZ et al., Respondents. (Action No. 2.)—In consolidated actions, *inter alia,* for an accounting, Frank Lucinski, plaintiff in Action No. 2 and defendant in Action No. 1, appeals from (1) a judgment of the Supreme Court, Suffolk County, entered October 13, 1977, which, after a hearing, awarded defendant Triangle Inn Corp. judgment (a) against defendant Jordan Schwartz in the sum of $75,077.47 and (b) against defendant John B. Lucci in the sum of $15,700, and which eliminated the restrictions upon the transfer, conveyance or hypothecation of corporate stock as provided in the interim judgment, dated August 1, 1975, and (2) an order of the same court, dated March 13, 1978, which denied his motion to resettle the judgment. John B. Lucci, plaintiff in Action No. 1, cross-appeals, as limited by his brief, from so much of the judgment entered October 13, 1977, as awarded defendant Triangle Inn Corp. judgment against him in the sum of $15,700. Appeal from the order dismissed (see *Katz v Katz,* 13 AD2d 529). Judgment affirmed, on the opinions of Mr. Justice Lipetz at Special Term. John B. Lucci is awarded one bill of costs to cover both appeals payable by Frank Lucinski. Appellant Lucinski argues before this court that it was

error to permit Schwartz and Lucci to transfer their respective interests in the defendant Triangle Inn Corp. without permitting him to exercise his alleged option to purchase the shares of the corporation before they could be sold to an outside purchaser. We have not considered this issue because Lucinski raises it for the first time on the appeal. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.